# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **FEDERATED MUTUAL INSURANCE COMPANY,** | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 21-cv-00315 |
| v. | § § | **JURY DEMAND** |
| **XPO LOGISTICS FREIGHT, INC.,** | § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **COMES NOW,** Plaintiff Federated Mutual Insurance Company, complaining of Defendant XPO Logistics, and files this its Original Complaint and in support thereof would respectfully show unto the Court as follows:

## PARTIES

  1. Plaintiff, Federated Mutual Insurance Company, is an insurance company domiciled in the State of Minnesota at 121 East Park Square, Owatonna, MN 55060. At all times material herein, Federated Mutual Insurance Company (hereinafter "Federated") had in force and effect an insurance policy insuring Brandner Design LLC.  Federated's insured, Brandner Design LLC, is a foreign Montana corporation with its principal place of business at 34 Wildcat Way, Bozeman, MT 49718-8201.  All claims paid by Plaintiff arose from events or occurrence that resulted in damages, losses and injuries upon which Plaintiff has made payments, to date, for losses stemming from the Defendant's acts or omissions.  The Plaintiff is subrogated to the claims of its Insured to the extent of said payments.

  2. Defendant XPO Logistics Freight, Inc., ("XPO Logistics") is a foreign Delaware corporation with its principal place of business headquartered in Greenwich, Connecticut.  At all

times material hereto, Defendant XPO Logistics was engaged as a common carrier of goods and involved in the transport of such goods on an interstate basis. Defendant XPO Logistics may be served by serving its registered agent for service in Texas:

XPO Logistics Freight, Inc.<br>
c/o Registered Agent Solutions, Inc.<br>
1701 Directors Blvd., Ste. 300<br>
Austin, Texas  78744

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C.A. § 1131 and 28 U.S.C.A. § 1337 as this action relates to the loss of property during shipment in interstate commerce and is therefore governed by the provisions of the Interstate Commerce Act, 49 U.S.C.A. § 14706, § *et. seq.* (otherwise known as "The Carmack Amendment").

4.      Venue is proper laid in this district pursuant to the provisions of 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the occurrence made the basis of this claim occurred within a county located within this judicial district.

## FACTUAL BACKGROUND AND ALLEGATIONS

5.      Plaintiff's Insured entered into a Shipping Contract dated September 29, 2020 with Defendant to transport a RM SS2002 Entertainment Brass Countertop and Sink 1641 (the "Countertop") to a customer in Texas.

6.      Upon information and belief, the Countertop was tendered to Defendant in Bozeman, Montana, on or about September 29, 2020.

7.      Prior to reaching its delivery destination, Defendant damaged the Countertop in one of Defendant's warehouses by striking the Countertop with a forklift.

8.      The shipment was delivered to Buda Woodworks, 2041 FM 2001, Buda, Texas on October 21, 2020.

9. Upon arrival at Buda Woodworks in Texas, it was discovered that the Countertop was damaged beyond repair and was declared a total loss ("the Incident").

10. Following the loss, Plaintiff's Insured tendered a claim to Federated for the significant damage to the Countertop. Pursuant to the terms of the insurance policy, Federated has issued payments in the amount of $13,900.00.

11. At no time has Plaintiff been compensated by Defendant for the damages incurred as a result of the damage to the Countertop despite demands made therefore. Defendant has refused and continues to refuse to pay Plaintiff's damages.

12. As a result of the foregoing, Federated is legally, contractually and/or equitably subrogated to the rights of its insured, Brandner Design LLC, and brings this claim against the Defendant to recover all amounts paid or to be paid as a result of the Incident. As part of this action, Federated also seeks any deductible incurred by its insured as a result of this loss.

## COUNT I: BREACH OF CONTRACT

13. Plaintiff incorporates the preceding paragraphs herein by reference.

14. The Defendant received the Countertop in good order and condition, and contracted and agreed to perform the transportation, storage and delivery of the Countertop in accordance with the aforementioned agreements in the same good order and condition.

15. The Countertop was damaged due to Defendant's failure to comply with the terms and agreements made for the protection, storage and care of the cargo entrusted to Defendant's possession, or the possession of its agents, employees and/or servants.

16. As a result of Defendant's breach of contract, the Plaintiff has sustained damages in an amount in excess of $13,900.00.

## COUNT II: BREACH OF CONTRACT AND OF DUTIES UNDER THE ICC TERMINATION ACT

17.     Plaintiff incorporates the preceding paragraphs herein by reference.

18.     The Defendant was or acted as a carrier of cargo in interstate transportation for hire within the meaning of the ICC Termination Act, as enacted and amended in this country as 49 U.S.C. § 10101 *et seq.,* and breached its duties under said Act and under the contract of carriage entered into by them pursuant to the ICC Termination Act.

19.     As a result of Defendant's breach of contract and duties under the ICC Termination Act, the Plaintiff's insured sustained damages in an amount in excess of $13,900.00.

## COUNT III: BREACH OF CONTRACT AND DUTIES UNDER THE CARMACK AMENDMENT

20.     Plaintiff incorporates the preceding paragraphs herein by reference.

21.     At all times relevant hereto, the Defendant owed a duty to Plaintiff and Plaintiff's Insured to properly arrange, ship, transport, store and deliver the equipment in good order and in the condition in which it was originally shipped pursuant to their obligations under the Bill of Lading and as a common carrier of goods for hire under 49 U.S.C.A. § 14076, otherwise known as "The Carmack Amendment." The Carmack Amendment provides as follows:

> 1.0     A carrier providing transportation or service ... shall issue a receipt or bill of lading for property it receives for transportation ... that carrier and any other carrier that delivers the property and is providing transportation or service ... are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivery carrier or (C) another carrier ...

22.     Notwithstanding said duties and in breach thereof, Defendant did not properly arrange, ship, transport, store or deliver the equipment in the same good order and condition as originally shipped and as required under the Bill of Lading and the Carmack Amendment.

23. The damage to the equipment at issue was not the result of any inherent nature of the goods, nor of any Act of God, nor the acts of a public enemy, the shipper or public authority.

24. As a direct and proximate result of the Defendant's breach of its duties, Defendant failed to make delivery of the aforementioned shipment in the same good order and condition as when originally constructed and/or received for shipment.

25. Brandner Design LLC and/or its insurer Federated issued notice of this claim to Defendant within 9 months of the incident and has formally demanded that it reimburse all amounts that have been or will be paid as a result of this loss.

26. By reason of the foregoing, Plaintiff and Plaintiff's Insured sustained damages in an amount in excess of $13,900.00.

### COUNT IV: BREACH OF BAILMENT OBLIGATIONS

27. The foregoing paragraphs are incorporated by reference as fully set forth herein.

28. The Defendant was acting as bailee of Plaintiff's Insured's merchandise or otherwise had a duty to care for the aforementioned merchandise at the time it was damaged. The Defendant thereby warranted and had a legal duty to safely keep, care for and deliver the merchandise in the same condition as when entrusted to them, and to perform their services with reasonable care and in a non-negligent and workmanlike manner.

29. The Defendant breached those obligations and negligently failed to store, handle, secure and deliver the Countertop to its destination.

30. By reason of the foregoing, the Plaintiff and Plaintiff's Insured sustained damages in an amount in excess of $13,900.00.

### COUNT V: NEGLIGENCE

31. The foregoing paragraphs are incorporated by reference as fully set forth herein.

32. The Defendant was acting as bailee and/or carrier, or otherwise had a duty to care

for the Countertop at the time it was damaged.

33.    The Defendant acted negligently, recklessly, carelessly and/or engaged in misconduct in that the Defendant, its agents and/or employees knowingly, negligently and/or recklessly failed to ensure that the Countertop was stored, kept, confined, guarded, secured and/or protected to prevent any loss or damage. By reason of the foregoing, the Plaintiff and Plaintiff's Insured sustained damages in an amount in excess of $13,900.00.

## JURY DEMAND

34.    Plaintiff demands that this Court empanel a lawful jury to hear the case.

## PRAYER

For these reasons, Plaintiff asks for judgment against the Defendant for economic damages to the equipment insured by Plaintiff, pre-judgment and post-judgment interest, costs of suit, and all other relief as this Court may order and deem appropriate.

Respectfully submitted,

**COZEN O'CONNOR, P.C.**

By: _____
Christopher J. Hanlon
State Bar No. 24065367
chanlon@cozen.com
1717 Main Street, Suite 3100
Dallas, Texas 75201-7335
Telephone: (214) 462-3000
Telecopier: (214) 462-3299
**ATTORNEYS FOR DEFENDANT
FEDERATED MUTUAL INSURANCE
COMPANY**