# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **FEDERATED MUTUAL INSURANCE COMPANY,** | § § § | |
| *Plaintiff* | § § | |
| v. | § § | Case No. 21-CV-315-RP |
| **XPO LOGISTICS FREIGHT, INC.,** | § § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE**

Before the Court is Federated Mutual Insurance Company's Motion for Entry of Default Judgment Against Defendant XPO Logistics Freight, Inc., filed August 9, 2021. Dkt. 9. On September 21, 2021, the District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 11.

### I.   General Background

Brandner Design, LLC ("Brandner"), a Montana architectural design company, entered into a shipping contract with Defendant XPO Logistics Freight, Inc., a common carrier and transporter of goods based in Connecticut, to transport and deliver a RM SS2002 Entertainment Brass Countertop and Sink 1641 (the "Countertop") to one of Brandner's customers, Buda Woodworks, in Buda, Texas. The Countertop was insured under a policy issued by Plaintiff Federated Mutual Insurance Company. On September 29, 2020, the Countertop was tendered to Defendant in Bozeman, Montana. Plaintiff alleges that before the Countertop was delivered to Buda

Woodworks, and while it was in Defendant's care, custody, and control, the Countertop was damaged when it was struck with a forklift in one Defendant's warehouses. Plaintiff alleges that the Countertop was delivered to Buda Woodworks on October 21, 2020, where "it was discovered that the Countertop was damaged beyond repair and was declared a total loss ('the Incident')." Complaint, Dkt. 1 ¶ 9.

Brandner submitted a claim to Plaintiff for the loss of the Countertop. Plaintiff determined that the value of the Countertop was $13,900. Dkt. 1-4. Plaintiff issued Brandner $12,900 ($13,900 minus a $1,000 deductible) pursuant to the Policy. On December 29, 2020, Plaintiff sent a letter to Defendant demanding that Defendant pay Plaintiff $13,900 for the Incident. Defendant has refused to reimburse Plaintiff for the damage to the Countertop. Dkt. 1-6.

On April 12, 2021, Plaintiff filed this lawsuit, alleging that it "is legally, contractually and/or equitably subrogated to the rights of its insured, Brandner Design LLC, and brings this claim against the Defendant to recover all amounts paid or to be paid as a result of the Incident." Dkt. 1 ¶ 12. Plaintiff alleges violations of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and the Interstate Commerce Commission Termination Act, 49 U.S.C. § 11101 *et seq.* ("ICCTA"), as well as state law claims for breach of contract, breach of bailment obligations, and negligence. Plaintiff seeks $13,900 in monetary damages, pre-judgment and post-judgment interest, and costs of suit.

Plaintiff served its Complaint on Defendant on February 13, 2021. Dkt. 5. Defendant has made no appearance and has failed to plead, respond, or otherwise defend. On June 24, 2021, the Clerk entered a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 7. In its Motion, Plaintiff seeks judgment against Defendant of $13,900 plus court costs of $402 and pre-judgment interest of $521.73.

## II. Legal Standard

Under Federal Rule of Civil Procedure 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of the court, the plaintiff may apply for a judgment based on such default. *Id*. A party is not entitled to a default judgment as a matter of right, however, even where the defendant technically is in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Courts in the Fifth Circuit have developed a three-part test to determine whether to enter a default judgment. *Certain Underwriters at Lloyd's London v. Gonzalez*, No. 1:20-CV-343-RP, 2021 WL 2470363, at *1 (W.D. Tex. Jan. 26, 2021); *Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020); *U. S. v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, the court considers whether entry of default judgment is procedurally warranted. Second, the court assesses the substantive merits of the plaintiff's claims to determine whether there is a sufficient basis in the pleadings for judgment. *Id*. Last, the court determines what relief, if any, the plaintiff should receive. *Id*.

## III. Analysis

### A. A Default Judgment Is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, courts in the Fifth Circuit consider the following factors:

> (1) whether material issues of fact are at issue;
>
> (2) whether there has been substantial prejudice;
>
> (3) whether the grounds for default are clearly established;
>
> (4) whether the default was caused by a good faith mistake or excusable neglect;

>  (5) the harshness of a default judgment; and
>
>  (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

Applying these factors, the Court finds that default judgment is procedurally warranted. First, because Defendant has not filed an answer or any responsive pleadings, there are no material facts in dispute. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendant's failure to file responsive pleadings "threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Can Capital Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019) (quoting *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015)). Third, the grounds for default are "clearly established." As previously stated, the clerk has entered default against Defendant. Dkt. 7. Fourth, because Defendant has failed to appear, the Court can find no good-faith mistake or excusable neglect on its part. Fifth, Plaintiff seeks only the relief to which it is entitled under the law, thus mitigating the harshness of a default judgment. Finally, the Court is not aware of any facts giving rise to good cause to set aside default judgment in this case if challenged by Defendant. Accordingly, the Court concludes that default judgment is procedurally warranted.

### B. There Is a Sufficient Basis for Judgment in the Pleadings

Next, the Court next must determine whether there is a sufficient basis in the pleadings for the judgment requested. *Nishimatsu*, 515 F.2d at 1206 (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). Based on a failure to respond, courts are to assume a defendant admits all well-pleaded facts in a complaint.

*Id*. A "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id*.

As noted, Plaintiff's Complaint alleges Texas state law claims for breach of contract, negligence, and breach of bailment obligations, as well as federal claims under the ICCTA, 49 U.S.C. § 10101, and the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. The Court begins with the Carmack Amendment claim.

The Carmack Amendment "allows a shipper to recover damages from a carrier for 'actual loss or injury to the property' resulting from the transportation of cargo in interstate commerce." *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 549 (5th Cir. 2005) (quoting 49 U.S.C. § 14706(a)(1)). Under Section 14706, a carrier is liable "for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported." The Amendment

> establishes the standard for imposing liability on a motor carrier for the actual loss or injury to property transported through interstate commerce. The Carmack Amendment generally preempts state law claims arising out of the shipment of goods by interstate carriers. The purpose of the Amendment is to establish uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment. The Amendment provides the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier.

*Heniff Transp. Sys., L.L.C. v. Trimac Transp. Servs., Inc.*, 847 F.3d 187, 189-90 (5th Cir. 2017) (cleaned up). Thus, all of Plaintiff's state law claims arising out of the Incident are preempted by the Carmack Amendment. *See Moffit v. Bekins Van Lines*, 6 F.3d 305, 307 (5th Cir. 1993) (holding that plaintiff's state law claims of breach of contract, negligence, fraud, and violation of statutory duties as a common carrier were preempted by the Carmack Amendment).

To establish a *prima facie* case for loss or damage to goods arising from the interstate transportation of those goods by a common carrier, the shipper must demonstrate: (1) delivery of the goods in good condition, (2) receipt by the consignee of less goods or damaged goods, and (3) the amount of damages. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003). Plaintiff alleges that (1) Defendant received the Countertop in good condition,[1] (2) the Countertop arrived damaged, and (3) the total cost to repair the Countertop was $13,900. Dkt. 1 ¶¶ 12-16. Accordingly, Plaintiff has stated sufficient facts to allege a *prima facie* case under the Carmack Amendment.

As stated, Defendant has not appeared or responded to any pleadings and thus has not contested any facts submitted by Plaintiff. Taking its allegations as true, Plaintiff has pleaded facts sufficient to demonstrate that Defendant is liable under the Carmack Amendment. Accordingly, there is a sufficient basis in the pleadings for the judgment requested by Plaintiff.[2]

### C. Proper Relief

Having found that the motion for default judgment should be granted, the Court must determine the appropriate relief. When a party seeks default judgment, damages ordinarily may not be awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, where the

---

[1] Plaintiff also submitted a bill of lading. Dkt. 1-3. "A plaintiff provides *prima facie* evidence that a carrier received the shipment in good condition with a bill of lading." *Watson v. Bell Cnty., Texas*, No. 6:19-CV-626-ADA-JCM, 2019 WL 12387218, at *4 (W.D. Tex. Dec. 16, 2019) (citing *Accura Sys. Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 878 (5th Cir. 1996)), *R. & R. adopted*, 2020 WL 10063083 (W.D. Tex. Jan. 27, 2020), *appeal dismissed*, 814 F. App'x (5th Cir. Aug. 06, 2020).

[2] Plaintiff also asserted a claim under the ICCTA but failed to move for judgment on that claim. *See* Dkt. 9 at 6-8. Accordingly, the Court need not address whether Plaintiff is entitled to judgment on its ICCTA claim. *See Interface Printers, LLC v. BGF Glob., LLC*, No. 3:16-CV-607-L(BT), 2018 WL 3406926, at *4 (N.D. Tex. June 25, 2018) (finding that plaintiff should not receive default judgment on claim for pre-judgment interest and costs where plaintiff did not mention those claims in motion for default), *R. & R. adopted*, 2018 WL 3392103 (N.D. Tex. July 11, 2018).

amount of damages can be "determined with certainty by reference to the pleadings and supporting documents" and a hearing would reveal no pertinent information, "the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993). A district court has "wide latitude" in deciding whether to require an evidentiary hearing when granting default judgment. *Id.* at 310. Because the amount of damages in this case can be determined by reference to the pleadings and supporting documents, an evidentiary hearing is unnecessary. *See J & J Sports,* 126 F. Supp. 3d at 814 ("[I]f the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary.").

Plaintiff provided a sworn declaration from one of its claims team supervisors, Christiaan Visser, detailing the damage to the Countertop and the total cost to repair it. Dkt. 1-1. Plaintiff also submitted a "Claim Invoice" from Brandner stating that the total cost to repair the Countertop was $13,900. Dkt. 1-4. Based on this undisputed evidence, the Court finds that Plaintiff has sustained its burden and is entitled to $13,900 in actual damages.

Plaintiff also seeks reimbursement for $402 in court costs for filing this action. Plaintiff is entitled to recover $402 in costs from Defendant pursuant to 20 U.S.C. § 1920(a).

Finally, Plaintiff seeks $521.73 in pre-judgment interest. The Carmack Amendment permits the award of pre-judgment interest. *Gallagher v. Arnold Moving Co.*, No. SA-17-CA-00070-OLG, 2017 WL 7921352, at *2 (W.D. Tex. May 16, 2017), *R. & R. adopted*, 2017 WL 8181017 (W.D. Tex. June 13, 2017). Accordingly, the Court finds that Plaintiff is entitled to $521.73 in pre-judgment interest. *See id.* ("Prejudgment interest accrues as simple interest on the amount of a judgment, beginning on the earlier of the 180th day after written notice of the claim or the date

suit is filed and ending on the day preceding the date judgment is rendered, at the prime rate or five percent a year if the prime rate is less than five percent.").

In sum, the undersigned Magistrate Judge recommends an award of (1) $13,900 in monetary damages, (2) $565 in costs, (3) pre-judgment interest of $521.73, and (4) post-judgment interest in an amount to be determined when judgment is entered.

## IV.    Recommendation

The undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff Federated Mutual Insurance Company's Motion for Entry of Default Judgment Against Defendant XPO Logistics Freight, Inc. (Dkt. 9). The undersigned **FURTHER RECOMMENDS** that the District Court **ENTER JUDGMENT** in favor of Plaintiff and award Plaintiff $13,900 in monetary damages, $565 in costs, pre-judgment interest of $521.73, and post-judgment interest in an amount to be determined when judgment is entered.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 6, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE